Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Yesenia Hernández Ríos<br><br>Apelado<br><br>vs.<br><br>Tocars LLC y/o Tocars Toa Baja LLC; Lucas Eduardo Outumuro, Inés María Vega y la Sociedad Legal de Gananciales compuesta por ambos; Fulanos de Tal A, B y C; Corporaciones X, Y y Z<br><br>Apelantes | KLCE202500175 | ***CERTIORARI acogido como APELACIÓN*** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2024CV05925<br><br>Sobre: Reclamación de Despido Injustificado; Discrimen; Hostigamiento |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, el Juez Ponente


**SENTENCIA**

En San Juan, Puerto Rico, a 25 de marzo de 2025.

Comparecen ante nos, Tocars LLC y/o Tocars Toa Baja LLC (en adelante, Tocars) y el señor Lucas Eduardo Outumuro (en lo sucesivo, Sr. Eduardo Outumuro) (ambos en conjunto, apelantes), quienes interponen un recurso de apelación en el que solicitan la revocación de la "Sentencia Parcial" dictada el 5 de febrero de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicho dictamen, el foro apelado ordenó el archivo de la reclamación únicamente en cuanto a la señora Inés María Vega (en adelante, Sra. María Vega), y la Sociedad Legal de Gananciales constituida por ella y el Sr. Eduardo Outumuro.

Tras examinar la naturaleza y procedencia del caso de autos, el recurso de *certiorari* presentado ante nuestra consideración será

---

[1] Notificada el 6 de febrero de 2025.

Número Identificador

SEN2025 _____

acogido como un recurso de apelación, aunque manteniendo la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

Examinada la solicitud de autos, la totalidad del expediente, así como la comparecencia de la parte apelada y el estado de derecho aplicable, modificamos el dictamen apelado por los fundamentos que expondremos a continuación.

**I.**

El 1 de octubre de 2024, la señora Yesenia Hernández Ríos (a continuación, Sra. Hernández Ríos o apelada) presentó una "Demanda" por despido injustificado, discrimen y hostigamiento laboral contra Tocars y el matrimonio Outumuro-Vega. Alegó que, el 1 de octubre de 2020, comenzó a laborar para Tocars con un salario anual de $160,000.00, más beneficios marginales. Arguyó que, posteriormente, comenzó una relación sentimental con una persona que, aunque trabaja en la industria de venta de vehículos, no se desempeña para su mismo patrono. Adujo que, desde ese entonces, su supervisor, el Sr. Eduardo Outumuro, manifestó su desaprobación hacia dicha relación e insistió en que pusiera fin a la misma. Afirmó que, aunque la ascendieron de puesto, el Sr. Eduardo Outumuro comenzó un patrón de hostigamiento en su contra, incluyendo su exclusión de reuniones y comunicaciones, la eliminación de tareas e información necesaria, y la creación de un ambiente de empleo intolerable y humillante. Añadió que, el 23 de septiembre de 2024, el Sr. Eduardo Outumuro la amenazó para que terminara su relación y, al no acceder, fue despedida de su trabajo. Adicionalmente, esgrimió que se le coaccionó para firmar un acuerdo de renuncia a sus derechos, bajo la advertencia de que no recibiría referencias laborales favorables si se negaba. Por estos hechos, reclamó la suma de $3,000,000.00 por ingresos presentes

y futuros dejados de percibir, $1,000,000.00 en daños, más una cuantía adicional por honorarios de abogado.

El 18 de noviembre de 2024, Tocars y el matrimonio Outumuro-Vega presentaron, en conjunto, una solicitud de desestimación parcial.[2]  Argumentaron, en esencia, que: (1) la apelada no logró establecer una reclamación plausible, toda vez que las causas de acción por alegado discrimen y hostigamiento laboral se basan en alegaciones conclusorias y no en hechos demostrativos, y (2) el matrimonio Outumuro-Vega no puede considerarse patrono conforme a las definiciones de las leyes laborales aplicables, por lo que no responde en su carácter personal.  En consecuencia, solicitaron la desestimación de las causas de acción por discrimen y hostigamiento laboral, así como la desestimación total de la reclamación contra el Sr. Eduardo Outumuro, la Sra. María Vega y la Sociedad Legal de Gananciales compuesta por ambos.  No obstante lo anterior, reconocieron que la Sra. Hernández Ríos presentó alegaciones suficientes respecto al alegado despido injustificado y la presunta violación a su derecho a la intimidad.

La Sra. Hernández Ríos se opuso mediante escrito radicado el 20 de noviembre de 2024.[3]  En lo pertinente, sostuvo que el Sr. Eduardo Outumuro es responsable como cocausante de los daños, al ser la persona que realizó falsas representaciones y la hostigó para que terminara su relación sentimental.  En otras palabras, exclamó que el Sr. Eduardo Outumuro responde en su carácter personal, independientemente de la responsabilidad patronal de Tocars.

---

[2] Véase, "Moción de Desestimación Parcial", apéndice pág. 12.
[3] Véase, "Moción en Oposición a Desestimación y en Solicitud de Decreto de Rebeldía", apéndice pág. 30.

El 22 de noviembre de 2024, el matrimonio Outumuro-Vega y Tocars radicaron una réplica en apoyo a su solicitud.[4] Reiteraron que el Sr. Eduardo Outumuro no responde en su carácter personal, puesto que la reclamación se ampara en estatutos laborales y no en el Art. 1536 del Código Civil.[5] Asimismo, enfatizaron que la causa de acción por daños derivaba de los mismos hechos cubiertos por legislación especial, lo que impedía reclamar daños bajo el Código Civil. Además, destacaron que la oposición de la apelada se limitó a la desestimación del reclamo contra el Sr. Eduardo Outumuro, sin aludir a las demás partes y reclamaciones.

Examinados los escritos presentados por las partes, el 5 de febrero de 2025,[6] el Tribunal de Primera Instancia dictó "Sentencia Parcial" ordenando el archivo de la reclamación contra la Sra. María Vega y la Sociedad Legal de Gananciales constituida por ella y su esposo. Sin embargo, denegó la desestimación de las causas de acción por alegado discrimen y hostigamiento laboral, así como la desestimación de la demanda contra el Sr. Eduardo Outumuro en su carácter personal.

En desacuerdo con el dictamen, Tocars y el Sr. Eduardo Outumuro recurren ante este foro apelativo intermedio, y señalan la comisión de los siguientes errores, a saber:

> A. *Erró y abusó de su discreción el TPI al no desestimar las causas de acción por alegado discrimen y hostigamiento sexual para las cuales la demandante no presentó alegaciones suficientes ni plausibles.*
>
> B. *Erró y abusó de su discreción el TPI al no desestimar las causas de acción contra Lucas Outumuro en su carácter personal cuando éstas son improcedentes como cuestión de derecho.*

---

[4] Véase, "Réplica en Apoyo a Moción de Desestimación Parcial", apéndice pág. 38.
[5] 31 LPRA sec. 10801.
[6] Notificada el 6 de febrero de 2025.

El 12 de marzo de 2025, la Sra. Hernández Ríos presentó su alegato en oposición.[7]  Con el beneficio de ambas comparecencias, procedemos a disponer del asunto.

**II.**

**-A-**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla.  *Inmob. Baleares et al. v. Benabe et al.*, 2024 TSPR 112, 214 DPR ___ (2024).  La aludida regla dispone lo siguiente:

> *Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.*

Al resolver una solicitud de desestimación fundamentada en el inciso (5) de la precitada regla, el tribunal está obligado a dar por ciertos, y de la forma más favorable para el demandante, todos los hechos bien alegados en su reclamación, siempre y cuando hayan sido aseverados de manera clara y concluyente. *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 78 (2023).  Por ello, nos corresponde evaluar si, a la luz de la situación más favorable al demandante, las alegaciones contenidas en su demanda son suficientes para constituir una reclamación válida.  *Díaz Vázquez et al. v. Colón Peña et al.*, 2024 TSPR 113, 214 DPR ___ (2024).  En otras palabras, "[l]a demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008).

---

[7] Titulado "Oposición a Expedición de Certiorari".

Por otro lado, la Regla 6.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.5, establece que "[c]ada aseveración en una alegación será sencilla, concisa y directa. No se exigirán fórmulas técnicas para la redacción de las alegaciones o mociones". En sintonía con lo anterior, nuestra Alta Curia ha manifestado que no es necesario que se expongan en la demanda, con lujo de detalles, los hechos que dan base a la reclamación. *Rivera, Lozada v. Universal*, 2024 TSPR 99, 214 DPR ___ (2024). Lo esencial es que los demandados queden informados de lo que se les reclama de tal forma que éstos puedan comparecer a defenderse si así lo estiman conveniente. *Íd.*

Ahora bien, al atender una moción de desestimación, el tribunal deberá tener en cuenta que la norma procesal que rige dispone que la demanda tiene que incluir hechos que demuestren que el peticionario posee derecho a algún remedio. Véase, Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1. Es decir, la demanda tiene que establecer una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport y otros*, 2024 TSPR 13, 213 DPR ___ (2024). Por lo tanto, las alegaciones conclusorias no son suficientes y no deben presumirse como ciertas. R. Hernández Colón, <u>Derecho Procesal Civil</u>, 6ta ed., San Juan, LexisNexis, 2017, pág. 307. De este modo, si el Tribunal entiende que se incumple con el estándar de plausibilidad, "entonces debe desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba". *Costas Elena y otros v. Magic Sport y otros*, *supra.*

En síntesis, la jurisprudencia vigente ha establecido que, para que prospere una solicitud de esta naturaleza, debe evaluarse si, desde la óptica más favorable al demandante y resolviendo toda duda a su favor, la demanda expone hechos bien alegados que, al

analizarse en su totalidad, resulten suficientes para configurar una causa de acción válida bajo cualquier estado de derecho que pueda ser probado. *BPPR v. Cable Media*, 2025 TSPR 1, 215 DPR ___ (2025). A causa de lo anterior, no desestimaremos una demanda salvo que la razón para solicitar el remedio no proceda bajo supuesto de derecho alguno, ni pueda enmendarse para subsanar cualquier posible deficiencia. *Díaz Vázquez et al. v. Colón Peña et al., supra.*

### III.

Según adelantamos, la Sra. Hernández Ríos presentó una demanda contra Tocars y el matrimonio Outumuro-Vega, y solicitó remedios por despido injustificado, al amparo de la Ley Núm. 80 del 30 de mayo de 1976, según enmendada;[8] discrimen, en virtud de la Ley Núm. 100 del 30 de junio de 1959, según enmendada;[9] hostigamiento sexual, conforme la Ley Núm. 17 del 22 de abril de 1988, según enmendada;[10] así como daños por violación al derecho a la intimidad consagrado en nuestra Constitución.[11]

Todos los demandados solicitaron la desestimación de las causas de acción por discrimen y hostigamiento sexual, ya que la reclamación "no presenta de su faz suficientes hechos para establecer reclamaciones plausibles por dichos conceptos. Solo contiene meras alegaciones conclusorias sin hechos suficientes que provean una base fáctica para sustentar las causas de acción alegadas".[12] Asimismo, peticionaron la desestimación de todas las causas de acción dirigidas contra el Sr. Eduardo Outumuro, su esposa y la Sociedad Legal de Gananciales por ellos constituida, por entender que estos no ostentan la figura de "patrono" respecto a la apelada.

---

[8] 29 LPRA sec. 185a *et seq.*
[9] 29 LPRA sec. 146 *et seq.*
[10] 29 LPRA sec. 155 *et seq.*
[11] La Sec. 8 del Art. II de nuestra Constitución, LPRA, Tomo 1, dispone que "[t]oda persona tiene derecho a [la] protección de [la] ley contra ataques abusivos a su honra, a su reputación y a su vida privada o familiar".
[12] Véase, "Moción de Desestimación Parcial" a la pág. 1; apéndice pág. 12.

El Tribunal de Primera Instancia desestimó los reclamos dirigidos contra la Sra. María Vega, esposa del Sr. Eduardo Outumuro, y la Sociedad Legal de Gananciales compuesta por ambos. Sin embargo, denegó desestimar la "Demanda" contra el Sr. Eduardo Outumuro en su carácter personal, al igual que las causas de acción por alegado discrimen y hostigamiento sexual.

En su escrito, los apelantes reiteran idénticos argumentos a los plasmados en su solicitud de desestimación. Esencialmente, en su primer señalamiento de error insisten en que la "Demanda" carece de hechos bien alegados que satisfagan el estándar de plausibilidad requerido, al limitarse a alegaciones conclusorias. En su segundo error, subrayan que el Sr. Eduardo Outumuro no responde en su carácter personal, toda vez que no es "patrono" de la apelada.

Tratándose de una moción presentada en virtud de la Regla 10.2 (5) de Procedimiento Civil, *supra*, nos corresponde evaluar las alegaciones bien hechas en la "Demanda". Para efectos de nuestra discusión, procedemos a hacer un resumen de las alegaciones contenidas en la reclamación. En resumidas cuentas, la apelada alegó que, después de empezar a trabajar para Tocars, comenzó una relación sentimental con una persona que, aunque también trabaja en la industria de venta de vehículos, no se desempeña para su mismo patrono.[13] Explicó que, desde ese entonces, el Sr. Eduardo Outumuro, quien era su supervisor, comenzó a hostigarla para que abandonara a su pareja y le pusiera fin a su relación.[14] Hizo hincapié en que, tanto el Sr. Eduardo Outumuro, así como la gerencia de su patrono, comenzaron a excluirla de reuniones y comunicaciones, le eliminaron tareas y crearon un ambiente de empleo intolerable y humillante.[15] Aseveró que, al negarse acceder

---

[13] Véase, "Demanda" alegaciones número 8 y 13.
[14] *Íd.*, alegación número 14.
[15] *Íd.*, alegación número 17.

a las pretensiones del Sr. Eduardo Outumuro, fue despida de su empleo.[16]   No tan solo eso, sino que, además, afirmó haber sido coaccionada para firmar un acuerdo de renuncia a sus derechos, indicándosele que no recibiría referencias laborales favorables si se negaba.[17]   Sostuvo que las acciones no profesionales por parte del Sr. Eduardo Outumuro le causaron daños económicos y sociales,[18] y las actuaciones humillantes de su patrono son constitutivas de un despido discriminatorio por razón de sexo.[19]

**Somos del criterio que**, **las alegaciones que preceden son suficientes para configurar una causa de acción válida bajo las disposiciones que se reclama**.  En nuestro ámbito legal, además de la Constitución, existen otras leyes que salvaguardan el derecho de un empleado a no ser discriminado por razón de sexo.  Además, el Tribunal Supremo de Puerto Rico, mediante el ejercicio de su interpretación judicial, ha definido los contornos de estos estatutos e impuesto responsabilidad al amparo de sus disposiciones.  En lo que nos concierne, el Art. 1 de la Ley Núm. 100, 29 LPRA sec. 146, prohíbe el discrimen en el ámbito laboral por razón de sexo.  Por su parte, la Ley Núm. 17, *supra*, castiga el acto de hostigamiento sexual en el empleo.

En el presente caso, un análisis integral de las alegaciones revela que la Sra. Hernández Ríos fue víctima de un patrón de hostigamiento laboral, consistente en que, en múltiples ocasiones, su supervisor la instigaba a ponerle fin a su relación de pareja. Asimismo, como consecuencia de su negativa a acceder a dichas solicitudes, la apelada fue excluida de reuniones y comunicaciones relacionadas con sus funciones, se le despojaron tareas asignadas y su ambiente de empleo se tornó intolerable y humillante.  Estos hechos, los cuales debemos tomar por ciertos en nuestro análisis,

---

[16] *Íd.*, alegación número 18.
[17] *Íd.*, alegación número 20.
[18] *Íd.*, alegación número 21.
[19] *Íd.*, alegación número 22.

ciertamente son suficientes para constituir una reclamación válida al amparo de la Ley Núm. 17, *supra.*

Además, de la "Demanda" se desprende que las acciones del patrono constituyen un acto de discrimen por razón de género. En su reclamo, la apelada alega que dicho discrimen es consecuencia del hostigamiento que sufrió por razón de su estatus sentimental. Aunque la Ley Núm. 100, *supra,* no protege la modalidad de discrimen "por razón de estatus sentimental", dicho estatuto sí garantiza el derecho de todo empleado a ser protegido contra el discrimen por razón de sexo. Acorde el Art. 1 de la propia Ley Núm. 17, 29 LPRA sec. 155, "el hostigamiento sexual en el empleo es una forma de discrimen por razón de sexo". Por este motivo, y dando por cierto el hecho de que la Sra. Hernández Ríos fue víctima de hostigamiento laboral, esta tendría una causa de acción válida por discrimen al amparo de la Ley Núm. 100, *supra.*

Por ende, dando por ciertos todos los hechos bien alegados en la "Demanda", los cuales se han aseverado de manera clara y concluyente, y en nuestra obligación de evaluar la situación de la manera más favorable al demandante, **concluimos que el primer error no se cometió**.

En su segundo y último señalamiento de error, los apelantes argumentan que el foro *a quo* incidió al no desestimar la totalidad de la "Demanda" contra el Sr. Eduardo Outumuro, en su carácter individual. Su contención es que, como el Sr. Eduardo Outumuro no es "patrono" de la apelada, éste no le responde bajo ninguna de las causas de acción incluidas en la reclamación.

Lo cierto es que, bajo las disposiciones de la Ley Núm. 80, *supra,* **es el patrono el único que responde por el despedido sin justa causa de un empleado suyo**. En términos similares, la Ley Núm. 100, *supra,* **únicamente responsabiliza al patrono por sus propios actos discriminatorios**. Por el contrario, la Ley Núm. 17,

*supra*, **impone responsabilidad legal no solo al patrono quien**, **según la propia ley**, **está obligado a prevenir y desalentar el hostigamiento sexual en el empleo**, <u>**sino también a la persona responsable de hostigamiento sexual en el empleo**</u>. Véase, 29 LPRA sec. 155j. Finalmente, debemos mencionar que el derecho a la intimidad es un derecho fundamental que opera *ex proprio vigore*. *Indulac v. Central General de Trabajadores*, 207 DPR 279, 303 (2021). En otros términos, no se requiere legislación para exigir su cumplimiento y **puede invocarse frente a personas privadas**. *Arroyo v. Rattan Specialist, Inc.*, 117 DPR 35, 64 (1986).

Se ha reconocido el derecho a ser indemnizado por los perjuicios que se causen cuando un ciudadano privado interfiere con la intimidad e integridad personal en el trabajo. *Colón v. Romero Barceló*, 112 DPR 573, 576 (1982). El hecho de que la violación de un derecho constitucional ocurra dentro del marco de una relación obrero-patronal no supone que el empleado renuncia a sus derechos fundamentales, ni le priva de la posibilidad para obtener un remedio real y efectivo para su vindicación. *Arroyo v. Rattan Specialist, Inc.*, *supra*, a la pág. 65. **Nuestro ordenamiento jurídico no tolera que un supervisor utilice su poder y posición jerárquica para interferir con las decisiones personales de sus empleados**, **particularmente de aquellas relacionadas con sus relaciones sentimentales**, **ni que someta a quienes se rehúsen a ceder ante tales pretensiones**. En el caso de autos, la apelada alega una violación a sus derechos constitucionales fundamentales por parte del Sr. Eduardo Outumuro y, ante estas circunstancias, tenía derecho a instar una acción en su contra para reclamar los daños que este último le hubiera ocasionado, si alguno, por medio de sus actuaciones.

Por los motivos que anteceden, concluimos que el segundo señalamiento de error tampoco fue cometido. No procedía, como

nos solicitan los apelantes, la desestimación de la "Demanda" en su totalidad contra el Sr. Eduardo Outumuro. Reiteramos que este es responsable por sus daños y que la apelada no está impedida de obtener un remedio real y efectivo que los vindique. Ahora bien, como este no es "patrono" de la apelada, no le responde en virtud de la Ley Núm. 80, *supra*, ni de la Ley Núm. 100, *supra*. Esto no implica que pueda ser responsable bajo la Ley Núm. 17, *supra*, o por los daños que en su día se prueben. Por tanto, modificamos el dictamen apelado a los efectos de desestimar las causas de acción bajo la Ley Núm. 80, *supra*, y la Ley Núm. 100, *supra*, contra el Sr. Eduardo Outumuro, en su carácter personal. Así modificada, confirmamos y devolvemos el caso para la continuación de los procesos.

## IV.

Por los fundamentos expuestos, los que se hacen formar parte de este dictamen, modificamos la "Sentencia Parcial" emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, a los únicos efectos de desestimar las causas de acción instadas bajo la Ley Núm. 80, *supra*, y la Ley Núm. 100, *supra*, contra el señor Lucas Eduardo Outumuro, en su carácter personal.

Así modificada, confirmamos y devolvemos el caso para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones